UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KALAND D. JACKSON,

        Plaintiff,

        v.                                    Case No. 25-cv-1063-bhl

ANTHONY MOYLE,
JAMES MURPHY,
TRACY THOMPSON,
MICHAEL P. REIS, and
BRANDEN KOOIMAN,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Kaland Jackson, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Jackson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jackson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $20.13. Jackson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Jackson, on April 3, 2025, at about 9:30 p.m. he began to experience severe abdominal pain on his right side. He states that he talked to corrections staff, who sent him to the health services unit where he was seen by Nurse Anthony Moyle. Jackson asserts that Moyle stated that he did not believe Jackson's pain was an emergency but was only gas. Jackson asserts that he complied with Moyle's advice, but it did not relieve the pain.

The next day, on April 4, 2025, Jackson was sent to the emergency room, where emergency room APNP Branden Kooiman and Dr. Michael Reis informed Jackson that he possibly had small kidney stones. Jackson explains that he was prescribed medication and sent back to the institution. Jackson states that he was treated at the institution for kidney stones. About a week later, on April 9, 2025, Jackson explains that he was seen by APNP Thompson, who allegedly sated that the CT scan suggested an issue with his gallbladder but showed no kidney stones. Jackson asserts that APNP Thompson told him she ordered a "Hida scan" as soon as possible and that he would be sent back to the emergency room only if there was a significant change in his pain or uncontrollable nausea and vomiting.

On April 29, 2025, Jackson was sent out to get a "Hida scan" on his gallbladder. He states that the pain was severe on May 1, 2025, so that corrections staff called a medical emergency. Moyle wheeled Jackson to the health services unit and said he would perform an EKG. According to Jackson, Moyle ignored what Jackson was telling him, but said he would show the results to Dr. Murphy. According to Jackson, Dr. Murphy looked at the "Hida scan" and EKG results and told Jackson his gallbladder was normal.

Jackson asserts that he passed out on May 2, 2025, so corrections staff called another medical emergency. According to Jackson, Nurse Ostrander called Dr. Murphy who examined him and ordered an ultrasound. Jackson asserts that Dr. Murphy opined that Jackson's liver was likely the source of his pain. Within a few hours, Dr. Murphy allegedly informed Jackson that he was going to send him to the hospital again because the problem was in fact his gallbladder.

## THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting Petties v. Carter, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

A mistaken belief about the appropriate medical treatment does not equate to deliberate indifference. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) ("[W]ithout more, a mistake in professional judgment cannot be deliberate indifference."); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation."). This is because "failing to correctly diagnose a condition is evidence of negligence, not deliberate indifference." *Grant v. Heidorn*, 802 F. App'x 200, 205 (7th Cir. 2020) (citing *Cesal v. Moats*, 851 F.3d 714, 724 (7th Cir. 2017)).

Although Jackson sufficiently alleges that he suffered from an objectively serious medical condition, the Court cannot reasonably infer from his allegations that the Defendants were deliberately indifferent to that condition. Over the course of a few weeks, Jackson was examined by nursing staff, sent to the hospital when institution staff could not address the pain, received multiple diagnostic tests, including a CT scan, a Hida scan, an EKG, and an ultrasound, and was prescribed medication. Although Defendants initially misdiagnosed the source of Jackson's pain, their evolving responses do not suggest that they were deliberately indifferent to his pain. Errors in medical judgment may amount to malpractice, but malpractice does not equate to an Eighth Amendment constitutional violation. Jackson therefore fails to state a federal claim on which relief may be granted. The Court offers no opinion on the merits of potential state law claims.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Jackson believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **September 2, 2025**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Jackson's failure to state a claim in his original complaint. If Jackson does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision. Jackson must use the form. *See* Civil L. R. 9(b).

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 2, 2025**, Jackson may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jackson a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from his institution trust account the $329.87 balance of the filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jackson is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on August 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge