UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KALAND D. JACKSON,

    Plaintiff,

v.                                 Case No. 25-cv-1063-bhl

ANTHONY MOYLE,
JAMES MURPHY,
TRACY THOMPSON,
MICHAEL P. REIS, and
BRANDEN KOOIMAN,

    Defendants.

## SCREENING ORDER

Plaintiff Kaland Jackson, who is currently serving a state prison sentence at the Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On August 11, 2025, the Court screened the complaint and after concluding it failed to state a claim upon which relief could be granted, gave Jackson the opportunity to file an amended complaint, which he did on August 25, 2025. This decision screens the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Jackson explains that on April 3, 2025, he began to have severe abdominal pain on his right side. He states that he went to the health services unit, where he was evaluated by Nurse Anthony Moyle. Jackson explains that Moyle knew he had had surgery for kidney stones and that he had previously contracted urinary tract infections from the kidney stones. Moyle allegedly informed Jackson that he did not believe the pain was an emergency and may be caused by gas. Jackson asserts that Moyle sent him back to his unit.

According to Jackson, the pain had not resolved by the next morning, so he was sent to the emergency room, where he was evaluated by APNP Branden Kooiman and Dr. Michael Reis. Jackson asserts that these two providers also knew about his history with kidney stones and urinary tract infections. He states that they provided him medication for kidney stones, but they failed to detect the root cause of his pain, which was his gallbladder.

Less than a week later, on April 9, 2025, APNP Thompson allegedly failed to "take the proper protocol" to remedy his gallbladder pain. Jackson explains that on May 1, 2025, he was transported to the health services unit to address his severe abdominal pain. According to Jackson, Nurse Moyle looked at the results from a Hida test and informed Jackson that his gallbladder

2

looked normal. Dr. Murphy also allegedly informed Jackson that the Hida tests looked normal. Jackson asserts that APNP Thompson, Nurse Moyle, and Dr. Murphy all knew his pain was caused by his gallbladder.

## THE COURT'S ANALYSIS

Jackson sues various medical providers because they initially misdiagnosed his gallbladder pain as gas and/or kidney pain. As the Court explained in the original screening order, "the Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). However, a mistaken belief about the appropriate medical treatment does not equate to deliberate indifference. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) ("[W]ithout more, a mistake in professional judgment cannot be deliberate indifference."); *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996) ("[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation."). This is because "failing to correctly diagnose a condition is evidence of negligence, not deliberate indifference." *Grant v. Heidorn*, 802 F. App'x 200, 205 (7th Cir. 2020) (citing *Cesal v. Moats*, 851 F.3d 714, 724 (7th Cir. 2017)).

As explained in the original screening order, the Court cannot reasonably infer from Jackson's allegations that Defendants were deliberately indifferent to his abdominal pain merely because they initially misdiagnosed the source of his pain. Jackson acknowledges that he was provided with multiple interventions, including referral to the emergency room, medications, diagnostic tests, and multiple evaluations. He also acknowledges that he has a history of kidney

stones and urinary tract infections, which appears to have contributed to the providers' failure to immediately diagnose the source of his pain. Jackson also asserts that Nurse Moyle and Dr. Murphy believed that the Hida test results showed that his gallbladder was normal. The mere fact that they were incorrect or that they relied on misleading test results suggests, at most, negligence or medical malpractice, not deliberate indifference. Jackson insists that all the providers "knew" the source of his pain was his gallbladder, but he has no personal knowledge of what the providers knew or when they knew it, and his speculation on that point is insufficient to state a claim. *Twombly*, 550 U.S. at 555 ("[T]he complaint's allegations must be enough to raise a right to relief above the speculative level.").

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.